IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James G. Urdak,                  :

    Plaintiff,              :

  v.                             :    Case No. 2:09-cv-322

                                 :    JUDGE FROST
Norfolk Southern Railway
Company,                         :

    Defendant.              :

ORDER

On April 7, 2010, plaintiff James G. Urdak moved for leave to file an amended complaint. The amended complaint pleads violations of the Federal Safety Appliance Act and the Code of Federal Regulations and is based upon the report of Mr. Urdak's expert witness, who has opined that such violations occurred in this case. Responsive and reply memoranda have now been filed. For the following reasons, the motion for leave to amend will be granted.

I. Background and Arguments

This is an FELA case in which Mr. Urdak alleges injuries sustained when he fell from a railcar. Originally, he asserted claims based on defendant's negligence without making reference to any specific provision of a federal statute or regulation that defendant might have violated. The proposed amended complaint asserts claims for violations of 49 U.S.C. §20301 *et seq.* and 49 C.F.R. Part 231. The details of these claims are described in the expert disclosure which Mr. Urdak served on February 26, 2010. He argues that since there is still time remaining in the discovery period, the trial is not scheduled until January 18, 2011, and defendant has known about these claims since the date

of the expert disclosure, he should be allowed to add the claims to this case.

In opposing the motion, defendant notes that the deadline for amending the pleadings established in the initial Rule 16 order was October 30, 2009. Thus, the motion has been made well after the deadline. Further, it argues that the new claims are meritless and that the case schedule will have to be revised to accommodate them. In particular, it asserts that plaintiff's claim has always been based on the shifting of a load of scrap metal and not about the safety of the ladder on the railcar he was riding - in fact, he has consistently been unable to identify that car. Additionally, given the lateness of the proposed insertion of this claim into the case, it argues that it would have to re-depose the plaintiff, re-work its expert report, and be given more time to complete discovery and move for summary judgment.

II. Discussion

A. Good Cause under Rule 16(b)

The first question raised by the motion for leave to amend is whether the Court should permit the motion to be made after the date set in the initial Rule 16 order for filing motions to amend. If the standard for amending the order cannot be met, there is no need to conduct an analysis of the merits of the motion under Fed.R.Civ.P. 15(a). Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 369, **5 (6th Cir. May 20, 2009), citing Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003).

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).

Here, Mr. Urdak asserts that it was not until defendant produced certain information on February 3, 2010, that he was able to learn the basis for these new claims. In particular, he notes that defendant has now identified two different railcars as the only ones on which Mr. Urdak could have been riding at the time of the accident, and that defendant had resisted producing information about these cars, including photographs and measurements, earlier in the case. Once his expert examined the photographs and measurements of these cars, he came to the

-3-

conclusion that both of them were out of compliance with applicable law. Assuming these representations to be true, it does not appear that the failure to file a motion for leave to amend prior to the October 30, 2010 deadline was due to any lack of diligence on Mr. Urdak's part. The Court will therefore conduct the usual Rule 15(a) analysis.

B. <u>The Rule 15(a) Analysis</u>

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

<u>Phelps v. McClellan</u>, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing

-4-

Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)).  See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982).  Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously.  General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading.  They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility.  Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989).  The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment.  Id.  It is with these standards in mind that the instant motion to amend will be decided.

Taking the futility issue first, defendant's only argument on that point seems to be that if Mr. Urdak cannot identify the car on which he was riding, he necessarily cannot make out a violation of laws and regulations relating to the safety features of the car.  That contention would seem to be undercut by the

fact that defendant itself has narrowed the universe of possible railcars to two, and that Mr. Urdak's expert asserts that both of them had defects. At the very least, this is a claim that should survive the pleading stage, so that allowing it to be asserted would not be an exercise in futility.

As far as delay and prejudice is concerned, defendant has identified a specific schedule extension which would allow it to respond to these new allegations. That schedule modification would result in the extension of various deadlines, with the latest one being a non-oral hearing date on dispositive motions of October 5, 2010. That should still allow the case to be tried on the scheduled date of January 18, 2011. Consequently, any potential prejudice resulting from the timing of this amendment can be cured without adversely affecting the Court's ability to try this case in a timely fashion. Thus, the standard for permitting an amendment under Rule 15(a) has been met here.

### III. Disposition and Order

For the foregoing reasons, plaintiff's motion to amend the complaint (#32) is granted. An amended complaint identical in content to the one attached as an exhibit to the motion shall be filed within fourteen days. The Court will revise the case schedule accordingly in a separately-filed order.

### IV. Appeals Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set

aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge